# John Stewart's Appeal.

A defendant in an execution against personal property, who has full

NOTE.—A claim of exemption should be made prior to the advertisement of the sheriff's sale. Williamson v. Krumbhaar, 132 Pa. 455, 19 Atl. 281.

knowledge of a levy at the time it is made, is not entitled to $300 exemption under the act of April 9, 1849, if, without good cause, he postpones making any request to have the property appraised until the day on which it is to be sold.

Mere *ignorance* of the law is *not good* cause for such delay.

(Argued May 11, 1887. Decided May 23, 1887.)

July Term, 1887, No. 71, E. D., before MERCUR, Ch. J., GORDON, TRUNKEY, STERRETT, GREEN, and CLARK, JJ. Appeal from a judgment of the Common Pleas of Perry County making absolute a rule to set aside an appraisement under claim of exemption. Affirmed.

The facts as they appeared by the petition for the rule and the answer thereto, being undisputed, were stated in the opinion delivered in the court below by BARNETT, P. J., which was as follows:

Plaintiff's application sets forth that the sheriff levied, on March 12, 1887, on the defendant's personal property. The defendant was personally present at the time, and no demand was made for the benefit of the debtor's exemption. The sheriff put up advertisements to sell the property levied, on March 21, 1887, and on the said appointed day of sale, the defendant, through his counsel, demanded an appraisement under the exemption act of 1849. The sheriff had the property levied on appraised, amounting to $167, and indefinitely postponed the sale. Plaintiff now moves to set aside said appraisement, because the demand for it was made too late.

The defendant in his answer admits the facts above stated, but alleges as his excuse for not making an earlier demand for appraisement, that "immediately upon said levy being made, upon the same day, and as part of the same act, he (the sheriff) put up the bills for the sale of the said property, so that there was no space of time between the act of levy and the advertisement, or, in other words, the levy and the putting up the bills were all one act."

---

and in case of a fi. fa. upon realty before a *vend. ex.* is issued. Moore v. McMorrow, 5 Pa. Super. Ct. 559; Lancaster Trust Co. v. Gouchenauer, 6 Pa. Super. Ct. 209, 15 Lanc. L. Rev. 41. In Johnston Harvester Co. v. Fite, 4 Pa Co. Ct. 415 and Gerhab v. Blank, 5 Montg. Co. L. Rep. 126, it was allowed when demanded upon the day of advertisement. In any case it is too late if made after sale. Gibbons v. Gaffney, 154 Pa. 48, 26 Atl. 24.

The answer further alleges that the defendant made a continued effort to raise the money, and it was not until March 19 that he notified his counsel that his effort had failed, and said counsel then notified the sheriff some three hours before the time fixed for the sale, that the defendant would claim the benefit of the exemption law, and it is argued that under these circumstances the claim was made in time.

The act of April 9, 1849, provides that "property to the value of $300 . . . shall be exempt from levy and sale on execution, or by distress for rent." It further provides that the officer charged with the execution shall, if requested, summon appraisers to appraise the property which the debtor may elect to retain, and the property thus chosen and appraised shall be exempt from levy and sale, etc.

We cannot agree that the levy and advertisement "were all one act." The advertisement succeeded the levy; the claim of exemption under the circumstances should have preceded, and thereby have prevented, the levy. The act of 1849 exempts both from levy and sale. When the debtor is present he should ordinarily make his demand before the levy. When he is absent, under certain circumstances, it may be made after the levy. But except in the most extenuating circumstances, the claim must be made before the day of sale. The general rule is that the claim must be made before advertisement of sale.

According to the weight of authority the claim in this case, having been made after advertisement, was made too late. Dieffender v. Fisher, 3 Grant Cas. 30; Diehl v. Holben, 39 Pa. 213, and cases therein cited; Cable v. Buckman, 1 Pittsb. L. J. 82.

And because made too late, we think the plaintiff is entitled to have it set aside. Seibert's Appeal, 73 Pa. 359.

And now, April 11, 1887, the appraisement is set aside, and the sheriff permitted to sell the property levied on.

The assignments of error specified the action of the court, in setting aside the appraisement.

*Sponsler & Markel,* for appellant.—The appellant consumed some little time in making the most strenuous efforts to raise the money. When he failed in this he then consulted counsel as to his rights, and in this he was justified, and time should have been given him so to do. Elliott v. Flanigan, 37 Pa. 426.

In Hammer v. Freese, 19 Pa. 255, the claim of the debtor was not allowed; but the demand for exemption was not made until an hour after the time, when sale of the property advertised was to begin.

When the defendant's demand does not delay plaintiff it is in time. Com. *ex rel.* Collins v. Boyd, 56 Pa. 404.

In Rogers v. Waterman, 25 Pa. 182, the defendant loitered about with the full knowledge of his property being advertised and his rights under the statute, yet neither consulted counsel nor moved in any wise to accept the bounty of the statute.

*W. N. Seibert,* for appellee.—The time for demanding the exemption is at the levy, or, at latest, before the advertisement of the sale, unless absence or other good cause be shown to excuse the delay. Gilleland v. Rhoads, 34 Pa. 190; Elliott v. Flanigan, 37 Pa. 426.

In this case defendant in the execution has shown neither absence nor other good cause to excuse his delay.

Per Curiam:

With full knowledge of the levy at the time it was made, the defendant postponed making any request to have the property appraised, until the day on which it was to be sold. This was clearly too late, and the learned judge did right in setting aside the appraisement.

Decree affirmed and appeal dismissed, at the costs of the appellant.

